

# NUMBER 13-25-00294-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LEONARD BOARDMAN A/K/A
LEONARD ALAN BOARDMAN,                                    Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

## ON APPEAL FROM THE 214TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Leonard Boardman a/k/a Leonard Alan Boardman was convicted of burglary of a habitation, a second-degree felony, *see* TEX. PENAL CODE § 30.02(a)(1), (c)(2), and he was sentenced to seven years' imprisonment. On appeal, he argues the trial court erred by admitting evidence of an extraneous bad act. We affirm.

## I.    BACKGROUND

The indictment alleged that Boardman entered Darrell Hurt's habitation in Nueces County on or about June 30, 2024, without Hurt's effective consent. *See id.* § 30.02(a)(1). Hurt testified at trial that he returned to his house on July 1, 2024, after being in San Antonio for a few weeks. When he arrived, his neighbors showed him a video, recorded the previous day, of a man wearing a blue shirt and blue shorts reaching over a fence into Hurt's property, taking some boxes from another person who was on the other side of the fence, and placing the boxes in a white car. Later in the video, a man wearing a black shirt can be seen exiting Hurt's property by climbing over the fence, and both men can be seen departing in the white car. In a second video recorded by a neighbor, the man in the blue shirt is walking up Hurt's driveway with his face visible. Hurt then discovered that the back room of his house had been "disturbed," though he did not initially know what, if anything, was taken. He subsequently learned that someone had forged his signature on a check at an auto parts store, and he realized that his old checkbook had been stolen.

About two weeks later, Hurt saw the blue-clad man from the video while shopping at Best Buy. He said he recognized the man "by face" and because "he has a very distinctive walk."[1] Hurt did not confront the man, but instead took photos of him and the white car he departed in. Hurt provided the photos and videos to police, and they were entered into evidence at trial.

Corpus Christi Police Department (CCPD) officer Hadley Davis testified that she pulled Boardman over on August 13, 2024, for failing to signal a lane change. Defense counsel objected to Davis's testimony on relevance grounds, but the trial court overruled

---

[1] According to the evidence, the man also has a distinctive body shape and hairstyle.

the objection. Video footage of the traffic stop from Davis's bodycam was entered into evidence as State's Exhibit 5 over defense counsel's objections as to: (1) relevance, (2) cumulativeness, (3) hearsay, and (4) risk of unfair prejudice under Rule 403. The video shows Boardman wearing a blue shirt and driving the same white car, with the same license plate as the one depicted in the photo from Best Buy.

CCPD detective Daniel Rodriguez testified that, in an attempt to identify the men involved in the burglary, he sent an email to patrol officers on December 4, 2024, containing a screenshot from Hurt's neighbor's video. One of the patrol officers replied that the man in the blue shirt might be Boardman. Rodriguez then looked up Boardman's name and found out that he had been pulled over for a traffic violation on August 13, 2024. After comparing the neighbor's video and images from the traffic stop, Rodriguez positively identified the man wearing blue in the video as Boardman, and he obtained a warrant for Boardman's arrest.

Boardman was convicted as charged and this appeal followed.

## II.    DISCUSSION

### A.    Preservation of Error

By one issue on appeal, Boardman contends the trial court abused its discretion by admitting "the extraneous offense evidence of the testimony of [Davis] and accompanying video" of the August 13, 2024 traffic stop. He specifically argues that the court erred under Rules of Evidence 403 and 404(b).[2]

---

[2] The State asserts that Boardman's issue is multifarious and presents nothing for our review because it is "based upon more than one legal theory." *See Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010) (noting, where appellant argued "that the trial court violated the First Amendment to the United States Constitution and Rules 401 and 403 of the Texas Rules of Evidence," that "his entire point of error is multifarious" because it is based "on more than one legal theory," but addressing the issue anyway

The State argues that any Rule 404(b) issue was not preserved for appeal, and we agree. Boardman's counsel did not object to Davis's testimony or to State's Exhibit 5 on Rule 404(b) grounds. *See* TEX. R. APP. P. 33.1(a)(1); *Ross v. State*, No. 06-18-00174-CR, 2019 WL 2292335, at *3 (Tex. App.—Texarkana May 30, 2019, pet. ref'd) (mem. op., not designated for publication) ("Because each rule has a different purpose, objections made under Rule 403 do not preserve complaints under Rules 401 or 404(b).").

We further observe that, although Boardman complains on appeal about the admission of Davis's testimony regarding the traffic stop, the only objection his counsel made to her testimony at trial was that it was irrelevant because "[s]he's not part of the initial officers on the scene or the ones that investigated this case." He does not make any relevance argument on appeal. *See* TEX. R. EVID. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Accordingly, no appellate issue has been preserved with respect to Davis's testimony. *See* TEX. R. APP. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) ("If a trial objection does not comport with arguments on appeal, error has not been preserved."). Our analysis will therefore be confined to State's Exhibit 5 and Rule 403.

## B. Applicable Law and Standard of Review

"We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard, and we must uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Wells v. State*, 611 S.W.3d 396, 427 (Tex. Crim. App. 2020).

---

"in the interest of justice"). We review the issue out of an abundance of caution and in the interest of justice. *See id.*

Under Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. When determining the admissibility of extraneous offense evidence under this rule, courts must balance the following factors:

(1)     how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2)     the potential the other offense evidence has to impress the jury in some irrational but nevertheless indelible way;

(3)     the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and

(4)     the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

*De La Paz v. State*, 279 S.W.3d 336, 349 (Tex. Crim. App. 2009) (internal quotation omitted); *see Irsan v. State*, 708 S.W.3d 584, 617 (Tex. Crim. App. 2025); *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006).

"Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010); *see De La Paz*, 279 S.W.3d at 343. "It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 bars its admission." *Young v. State*, 283 S.W.3d 854, 877 (Tex. Crim. App. 2009).

5

**C.	Analysis**

Boardman argues the trial court "erred under Rule 403 by not even engaging in the balancing of the evidence's probative value against its potential for misuse." But "a trial court is not required to perform the [Rule 403] balancing test on the record, and when the record is silent," as here, "appellate courts must presume that the trial court performed the appropriate balancing test before admitting the evidence." *James v. State*, 623 S.W.3d 533, 551 (Tex. App.—Fort Worth 2021, no pet.) (citing *Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997)).

As to the merits of the balancing test, Boardman notes that the Texas Court of Criminal Appeals has held:

> When the extraneous offense is introduced to prove identity by comparing common characteristics, it must be so similar to the charged offense that the offenses illustrate the defendant's "distinctive and idiosyncratic manner of committing criminal acts." *Martin v. State*, 173 S.W.3d 463, 468 (Tex. Crim. App. 2005) (quoting *Owens v. State*, 827 S.W.2d 911, 915 (Tex. Crim. App. 1992)). Such extraneous-offense evidence is admissible to prove identity when the common characteristics of each offense are so unusual as to act as the defendant's "signature." *Taylor v. State*, 920 S.W.2d 319, 322 (Tex. Crim. App. 1996). The signature must be apparent from a comparison of the circumstances in both cases. *Bishop v. State*, 869 S.W.2d 342, 346 (Tex. Crim. App. 1993).

*Page v. State*, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006) (footnote omitted). Boardman proceeds to argue "[t]here was no evidence to suggest that the otherwise extraneous offense routine traffic stop demonstrated any a pattern of conduct sufficiently distinctive to constitute a 'signature' [or] a distinctive and idiosyncratic manner of committing criminal acts."

In this case, identity was the central disputed issue and the State sought admission of Exhibit 5 explicitly to prove that element. However, *Page* is inapplicable because it concerned admissibility under Rule 404(b), not Rule 403. *See id.*; *see also* TEX. R. EVID.

6

404(b) (providing that extraneous-bad-act evidence "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but "may be admissible for another purpose, such as proving . . . identity"). Moreover, there was never any suggestion that the "extraneous offense" depicted in State's Exhibit 5—i.e., the traffic infraction—was probative as to identity of the burglar because it had "common characteristics" with the burglary. Instead, the exhibit demonstrated that Boardman was driving the exact same vehicle as the one leaving the scene of the burglary a few weeks prior, and it was offered to prove the identity of the burglar in that manner. *Page* is also inapplicable for that reason.

Reviewing the Rule 403 balancing test factors, we note that evidence showing Boardman failed to signal a lane change, in and of itself, is not probative to the charged offense, and the State did not need such evidence to make its case. *See De La Paz*, 279 S.W.3d at 349. Nevertheless, the evidence did not take long to develop, and given the innocuous and mundane nature of the traffic infraction,[3] we conclude that it had no potential to distract the jury or to "impress [it] in some irrational but nevertheless indelible way." *See id.* The trial court did not abuse its discretion in overruling counsel's Rule 403 objection to State's Exhibit 5.

Finally, as the State notes, Boardman has not demonstrated that he was harmed by the admission of the exhibit. *See* TEX. R. APP. P. 44.2(b) (providing that a non-constitutional error "must be disregarded" unless it "affect[s] substantial rights"); *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018) (noting "[t]he erroneous admission

---

[3] Failure to signal a lane change is a misdemeanor punishable by a fine of $1 to $200. TEX. TRANSP. CODE §§ 542.401, 545.104.

of evidence is non-constitutional error" which affects an appellant's substantial rights "only when it has a substantial and injurious effect or influence in determin[ing] the jury's verdict"). In his discussion regarding the Rule 403 balancing test, Boardman contends that "[t]he evidence prejudiced the jury with its biased indication of [his] high propensity to commit crimes." But he acknowledges that the prosecutor "barely even br[ought] up the extraneous act video in his closing argument" and that the exhibit as a whole was "clearly cumulative." On this record, we find that the admission of State's Exhibit 5 had no discernable effect or influence on the jury's verdict. *See* Tᴇx. R. Aᴘᴘ. P. 44.2(b); *Gonzalez*, 544 S.W.3d at 373 ("If we have a fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but a slight effect, we will not overturn the conviction.").

For the foregoing reasons, we overrule Boardman's issue on appeal.

### III.    Cᴏɴᴄʟᴜsɪᴏɴ

The trial court's judgment is affirmed.

YSMAEL D. FONSECA
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Delivered and filed on the
19th day of March, 2026.

8